AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
MAR 2 6 2026
AT_____ O'CLOCK_____
John M. Domurad, Clerk - Plattsburgh

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| Joao VARGAS-FERNANDES | )  Case No.   8:26-PO-27 (GLF) |
| and | ) |
| Matercia GIL, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.  On or about the date(s) of March 22, 2026, in the county of Clinton in the Northern District of New York the defendants violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1325(a)(1) | Entry Without Inspection. |

This criminal complaint is based on these facts:
See attached affidavit.

☒    Continued on the attached sheet.

_____
*Dylan J. Thomas*  03/23/2026
*Complainant's signature*

U.S. Border Patrol Agent Dylan J. Thomas
_____
*Printed name and title*

Attested to by the Affiant in accordance with Rule 4.1 of the Federal Rues of Criminal Procedure.

Date:  __*March 26, 2026*__

_____
*Judge's signature*

City and State:    Plattsburgh, New York

Hon. Gary L. Favro, U.S. Magistrate Judge
_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

*United States of America v* **Joao VARGAS-FERNANDES and Matercia GIL**

I, Dylan J. Thomas, hereby depose and state under penalty of perjury:

1.       I am a Border Patrol Agent (BPA) with the United States Department of Homeland Security (DHS), Bureau of Customs and Border Protection (CBP), United States Border Patrol (USBP) assigned to the Burke Border Patrol Station. I have been a Border Patrol Agent since August 2017. My primary duty is to assist in the prevention of illicit trafficking of people and contraband between the official ports of entry. My authority to perform this mission is articulated in the Immigration and Nationality Act, sections 235 and 287, and Title 8 U.S.C. Section 1357. These bodies of law relate to, among other things, a Border Patrol Agents authority to interrogate any alien or person believed to be an alien, and to make an arrest of any alien who is entering or attempting to enter the United States in violation of the immigration laws. To enforce these laws, I have received training at the Federal Law Enforcement Training Center in Artesia, New Mexico in Law, Operations, Firearms, Driving Techniques, and Physical Techniques. This affidavit is based in part on information provided to me by others and from law enforcement and immigration databases. It does not set forth all of my knowledge about the investigation.

2.       I submit this affidavit in support of a criminal complaint charging defendants Joao VARGAS-FERNANDES and Matercia GIL with violating 8 U.S.C. § 1325(a)(1), which prohibits any alien, that is, any person who is not a citizen or national of the United States, from entering or attempting to enter the United States "at any time and place other than as designated by immigration officers."

### Probable Cause

3.  On March 22, 2026, at approximately 08:50 A.M., Swanton Sector Radio (KAD-640) advised Burke Border Patrol Agents of two subjects running southbound from the Canada toward the dead end of Earlville Road in Chateaugay, New York. KAD-640 relayed this information to agents via service radio while monitoring a live feed stationary camera positioned near the United States/Canadian border.

*United States of America v* **Joao VARGAS-FERNANDES and Matercia GIL**

KAD-640 continued to advise agents of this ongoing activity; the two subjects then entered a dark in color BMW sedan that was observed to have a license plate with Massachusetts license plates. KAD-640 also advised that the Royal Canadian Mounted Police (RCMP) observed the same subjects as they made their way southbound across the international border into the United States.

4.   Border Patrol Agents responding from Churubusco, New York encountered the black BMW sedan bearing Massachusetts plates 6DCC13 driving southbound on Lost Nations Road towards US-11. Lost Nations Road is often utilized by smugglers due to its proximity to the border, remoteness, and easy access to main routes of egress. It is unusual to encounter out-of-state vehicles on Lost Nation Road; it is a very remote area with very few houses. In addition, the vehicle observed matched the description put out by KAD-640. Agents initiated a vehicle stop to perform an immigration inspection near the intersection of Lost Nations Road and US-11. As the vehicle yielded, agents were able to observe there were four occupants in the vehicle.

5.   Agents approached the vehicle, identified themselves as United States Border Patrol agents and began to question the subjects. The driver, later identified as Igor VIEIRA-BASTOS, already had his ID and a registration in his hand to provide. VIEIRA-BASTOS appeared to be nervous and very hesitant to speak. While questioning VIERIA-BASTOS, agents observed the male subject in back passenger seat of the vehicle to be wearing a jacket that was described via service radio by KAD-640 as they were observed crossing the border.

6.   At this time, all occupants of the vehicle were questioned as to their citizenship. All four subjects claimed to be citizens and nationals of Brazil. Agents then asked if any of the four subjects had immigration documents to be in, pass through, or remain within the United States legally. The two back seat passengers, VARGAS-FERNANDES and GIL, claimed that they did not have any legal documentation. The driver and front seat passenger claimed that their immigration status was pending. Due to the lack of legal documentation or proof of citizenship, all subjects were detained and transported back to the Burke Border Patrol Station for further record checks.

*United States of America v* **Joao VARGAS-FERNANDES and Matercia GIL**

7. At the station, biographical information and fingerprints were entered into Department of Homeland Security databases for all four subjects. Record checks confirmed information previously gathered roadside. Both back seat passengers, VARGAS-FERNANDES and GIL, were found to be illegally present in the United States.

8. Nationals and Citizens of Brazil are required to apply for a visa if they seek to enter the United States. Brazilian citizens who are issued a visa by the United States government are required to present the visa and the person's passport to an immigration official at a Port of Entry as he or she seeks admission into the United States. Joao VARGAS-FERNANDES and Matercia GIL do not possess valid visas and records show that they have not applied for one. If VARGAS-FERNANDES and GIL had presented themselves to a Port of Entry and asked permission to enter the United States, they would have been denied admission as they each do not possess a valid United States visa.

## Conclusion

9. Based on the foregoing, I respectfully request the Court issue the proposed complaint charging the defendants with improper entry by an alien, in violation of 8 U.S.C. § 1325(a)(1).

*Dylan Q. Thomas*
Dylan J. Thomas
United States Border Patrol

Attested to by the affiant in accordance with Rule 4.1
of the Federal Rules of Criminal Procedure.

Date: *March 26, 2026*

Hon. Gary L. Favro
United States Magistrate Judge